UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.     **EDCV 12-528-JFW (DTBx)**                                    Date:  May 11, 2012

Title:        Jack Mardesich, et al. *-v-* BAC Home Loans Servicing LP, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                                           None

**PROCEEDINGS (IN CHAMBERS):**        ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT

On March 8, 2012, Plaintiffs Jack Mardesich and Debbie K. Mardesich ("Plaintiffs") filed a Complaint against Defendants BAC Home Loans Servicing, LP, a subsidiary of Bank of America, and Recontrust Co. NA in Riverside County Superior Court, alleging the following claims for relief: (1) violations of Cal. Bus. & Prof. Code § 17200; (2) violations of Cal. Civ. Code § 2923.5; (3) breach of contract - third party beneficiary; (4) promissory estoppel; and (5) negligent implementation of HAMP. On April 10, 2012, Defendants Bank of America, N.A. and Recontrust Company, N.A. (collectively "Defendants") filed a Notice of Removal of Civil Action to Federal Court ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Id.*

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Id.* at 9-10. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Id.* at 9. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. *Id.* at 318; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 811-12 (1986). Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. *Merrell Dow*, 478 U.S. at 811-12. Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable & Sons*, 545 U.S. at 318-19 (alterations in original) (*quoting Merrell Dow*, 478 U.S. at 811-12).

In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

In this case, Defendants contend that this Court has jurisdiction because Plaintiff's First, Third, Fourth, and Fifth Causes of Action allege violations of the U.S. Treasury Department's Making Home Affordable Program ("HAMP"), and that Plaintiff's Fifth Cause of Action explicitly arises under HAMP. However, "[i]t is well established that there is no private cause of action under HAMP." *See, e.g., Garnett v. Aurora Loan Services, LLC*, 2012 WL 1440920, at *2 (C.D. Cal. Apr. 25, 2012. Indeed, all of Plaintiff's claims for relief, including Plaintiff's Fifth Cause of Action for negligent implementation of HAMP, arise under state law. "Moreover, there is no federal question

presented merely because Plaintiff's state law claims may incorporate or turn upon allegations of HAMP violations." *Carlos v. Bank of America Home Loans*, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011). Indeed, for example, Plaintiff's claim for violation of Cal. Bus. & Prof. Code § 17200 depends on alternative and independent theories, one of which is a state law theory. To the extent Plaintiff's claims allege HAMP violations, the Court concludes that they do not reach the level of substantiality to support the exercise of federal question jurisdiction. *See, e.g., Nevada v. Bank of America*, 672 F.3d 661, 674-75 (9th Cir. 2012); *De Long v. Bank of America, N.A.*, 2012 WL 1498868, at *3-4 (N.D. Cal. Apr. 27, 2012); *Preciado v. Ocwen Loan Servicing*, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Carlos v. Bank of America Home Loans*, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011).

Accordingly, this action is **REMANDED** to Riverside County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.